**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 02:26 PM March 4, 2019**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JEFFREY PHILLIP CORBIN | ) | CASE NO. 18-42232 |
| AND PATRICIA JO CORBIN, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Debtors objected to proof of claim number 2-1 filed by Capital One Auto Finance, a division of Capital One, N.A. ("Capital One"). No responses were filed.

The court has jurisdiction of this case and matter under 28 U.S.C. § 1334. It is a statutorily core matter under 28 U.S.C. § 157(b)(2)(B) and the court has the authority to issue final orders. Venue in this district is appropriate under 11 U.S.C. § 1409. The following constitutes the court's finding of fact and conclusions of law under Federal Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors listed a secured claim to Capital One on Schedule D for a 2013 Dodge Dart. Schedule A/B shows Debtors as owners of the Dodge Dart. They did not identify any codebtors for any debts on Schedule H. On their original chapter 13 plan, filed on November 2, 2018, they indicated in section 3.3 of the plan that the Capital One claim would be paid in full by the chapter 13 trustee.

Capital One filed a claim on November 9, 2018. The retail installment contract attached to the claim identifies Jeffrey P. Corbin and Patricia J. Corbin as Buyer and Co-Buyer. No one else is obligated on the debt.

Debtors filed a first amended plan on January 14, 2019. They deleted the Capital One claim from section 3.2. Section 8.1 contained a special provision declaring "Capital One Auto, on the 2013 Dart, will be paid directly outside the Plan by the non-filing co-debtor." On the same day, Debtors filed an objection to the Capital One claim. They assert the "debt is being paid outside the plan by the non-filing co-debtor" and request an "Order instructing the Trustee not to pay the claim."

On February 14, 2019 (after the objection to claim was filed), Debtors filed a Second Amended Plan. Debtors make no provision for Capital One's secured claim.

## DISCUSSION

Pursuant to 11 U.S.C. § 502(a), Capital One's claim was deemed allowed until Debtors filed an objection to the claim. Upon objection, the court is instructed to determine the amount of the claim as of the petition date and allow the claim in that amount "except to the extent" one of the eight listed provisions presents grounds to reduce or disallow the claim. 11 U.S.C. § 502(b). Debtors did not assert relief under any of the listed provisions. In fact, they don't specifically ask for disallowance, they merely request that the claim be paid by the co-debtor, not the chapter 13 trustee. But this misses the understanding of the nature of an objection to claim. There is a distinction between "the process for determining claims . . . [and] the mechanics of *paying* claims." In re Sensibaugh, 2015 WL 4664441 (Bankr. N.D. Ind. 2015) (unpublished); *see also* In re Dawson, 444 B.R. 688 (Bankr. E.D. Va. 1998). The former is accomplished through objections, the latter through the plan. Sensibaugh at *1.

The court finds no grounds to reduce or disallow the claim. Although Debtors assert the debt is paid by a co-debtor, which may implicate enforceability under § 502(b)(1), the filed claim does not support this. No co-debtor exists. Only Debtors are liable on this debt. Regardless, the claim clearly supports enforceability against Debtors. Consequently, the court finds that, as of the petition date, the claim is allowed in the amount set forth in the claim.

To the extent Debtors want to determine how the claim is to be paid, that is accomplished through the plan. Debtors have presented no basis for this court to disallow the claim in any form, including issue an order that states someone else, who is not obligated on the loan, is going to pay the debt. The objection is overruled.

An order will be issued immediately.

# # #

**Service List:**

AIS Portfolio Services, LP
4515 N. Santa Fe Ave.
Dept. APS
Oklahoma City, OK 73113

Robert A. Ciotola
3701 Boardman Canfield Road Unit 1
Canfield, OH 44406

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505